UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRADY CLIFFORD LOVE,

                    Petitioner,

vs.                                        Case No.  2:11-cv-546-FtM-29CM

SECRETARY,  DOC;  FLORIDA  ATTORNEY
GENERAL,

                    Respondents.
_____

## OPINION AND ORDER

### I.  Status

Petitioner Grady Clifford Love (hereinafter "Petitioner," "Love,"
or "Defendant") initiated this action *pro se* by filing a Petition for
Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254
challenging his judgment and conviction on August 11, 2011, in the
Twentieth Judicial Circuit Court, Lee County, Florida (case no. 04-
001346CFB).[1]  Petitioner argues that an oral jury instruction amounted
to fundamental error because it used the phrase "and/or" between his
name and his co-defendant's name, thereby requiring reversal of his
conviction.[2]  See Petition.

---

[1] The Court applies the "mailbox rule" and deems the Petition
"filed on the date it was delivered to prison authorities for
mailing."  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294
n.4 (11th Cir. 2008).

[2] The Petition actually does not distinguish between the written
jury instructions and those announced orally by the judge.  The Court notes that the written instructions did not
contain the "and/or" conjunction at issue.  See Exh. 2 at 158-181.

Respondent filed a Response in opposition to the Petition (Doc. 7, Response), arguing that the Petition fails to state a claim for relief that trial counsel rendered ineffective assistance for failing to object to the jury instructions, and attached supporting exhibits (Doc. #8-1, Exhs. 1-24), consisting of the pertinent trial records, postconviction pleadings, and the record on direct appeal. Petitioner filed a Reply (Doc. #10, Reply), clarifying that the Petition only raises a claim of trial court error related to the prejudicial oral, jury instructions, which was compounded by the fact that defense counsel did not object to the oral instruction. See Reply at 2. Consequently, the Court construes the instant Petition as raising two grounds for relief: (1) that the trial court committed fundamental error with the use of the conjunction and/or between the co-defendants' names; and (2) that trial counsel rendered ineffective assistance for failing to contemporaneously object to the trial court's oral pronouncement of this jury instruction. Clibsy v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc). This matter is ripe for review.

## II. Procedural History

### A. Indictment and Trial

On July 2, 2004, the State of Florida charged Petitioner and a co-defendant, Robert Earl Davis, in a two count indictment with attempted first degree murder in violation of Florida Statute §

782.04(1); § 777.04; § 777.01; § 775.087(2) (Count 1)[3]; and, shooting into a dwelling or a building in violation of Florida Statute § 790.19; § 777.011 (Count 2).[4]   Exh. 1.

Petitioner and the co-defendant's joint trial occurred on September 12-14, 2006.  See Exh. 2 at 159; Exh. 3.  The pertinent facts adduced at trial are as follows:

> During the evening at Club Neptune, a fistfight broke out between Mr. Love and a another patron, Robert Chapman.  The victim, Jarvis Martin, testified that he intervened in the fight to stop it. At the conclusion of the fight, Mr. Love left the club with Mr. Davis.  Jarvis Martin testified that both Davis and Love yelled at him saying they were going to shoot him. A few minutes later, the two men came back in with guns in their hands.  Another unidentified man had a gun.  One club employee testified that the bouncers also had firearms.
>
> Multiple witnesses testified that Davis began shooting. Jarvis Martin was hit three times. Six other people were also hit.  Both .40 and .357 caliber casings were recovered.
>
> Only one witness, a club bouncer, testified that Mr. Love also was shooting.  Another saw Mr. Love with a gun in his hand, but never saw him shoot. Martin testified that he did not see Mr. Love fire any shots.

---

[3]Regarding Count 1, the indictment charged that on or between May 1, 2004 and May 2, 2004 in Lee County Florida, [Petitioner] did unlawfully, from a premeditated design to effect the death of a human being, attempt to kill and murder Jarvis Martin, a human being, by discharging a firearm and shooting at him, and did actually possess and discharge a firearm during the commission of the offense causing great bodily harm.  Exh. 1 at 2.

[4]Regarding Count 2, the indictment charged that between May 1, 2004 and May 2, 2004 in Lee County, Florida [Petitioner] did unlawfully, wantonly or maliciously, shoot a bullet or projectile from a firearm at, within, or into a public or private building located at or in the vicinity of Neptune's Club, 3057 Cleveland Avenue, Fort Myers.  Exh 1 at 2.

A club patron testified that Davis had a gun, believed to be a.357, when he came to the patron's car immediately after the shooting.  Davis said, "I don't know if I killed somebody" and "I don't want to go to jail."

An FDLE analyst examined a hat that was found at the scene. She testified that although the hat was worn by multiple people, one major contributor of DNA in the hat was Davis.

Neither defendant testified or put on any evidence.

See Exh. 6 (direct appeal brief); Exh. 7 (noting that facts set forth in direct appeal brief were "substantially correct"); Exh. 15 (State's response to Rule 3.850 motion).

The jury found Petitioner guilty of attempted manslaughter (a lesser included offense of Count 1) and acquitted him on Count 2.[5]  See Exh. 4 at 23.  In accordance with the jury verdict, Petitioner was sentenced to a 30 year minimum mandatory sentence due to his habitual offender status.[6]  Exh. 4 at 127-134.  It is noteworthy for purposes of this case that Petitioner's co-defendant was found guilty of attempted second degree murder and shooting into a dwelling or a building.

---

[5]At first blush on the jury verdict form, it appears Petitioner was actually convicted of attempted second degree murder, but the foreperson of the jury actually marked through that check mark and clearly indicted that they found Petitioner guilty of attempted voluntary manslaughter.  See Exh. 4.

[6]On the judgment form, the trial judge mistakenly included Count 2, see Exh. 4 at 127, 131, and sentenced him to a concurrent sentence.  This error was rectified on direct appeal because Petitioner was found not guilty of Count 2.  See Exh. 6 (direct appeal brief), Exh. 7 at 7 (conceding error), Exh. 9.

**B.   Direct Appeal**

Petitioner, through counsel, pursued a direct appeal.  Exh. 3.
Petitioner argued that: (1) use of "and/or" in the jury instructions
was fundamental error, requiring a new trial; (2) judgment and
sentence on count two must be vacated as Mr. Love was acquitted on
that count; and, (3) certain court costs must be stricken.  Exh. 6.
Relevant to this Petition, Petitioner argued that "[i]t is a
fundamental component of the due process clauses of both the Florida
and Federal Constitutions that the jury be completely and accurately
instructed on each element of a criminal offense, and that the element
must be proved beyond a reasonable doubt."  Exh. 6 at 6.  Petitioner
asserted that the use of "and/or" between the defendants' names
constituted fundamental error because it could have misled the jury.
Id. at 7.

In response, the State argued that the issue was not preserved
for appellate review because Petitioner was "actively involved" in
formulating the jury instructions and "no objection was made to the
instructions as given."  Exh. 7 at 3 (citing Florida's contemporaneous
objection rule).  Addressing the merits of the claim, the State
asserted that there was no dispute that Petitioner and his co-
defendant acted together in the charged offenses and the jury was
instructed under the "theory of principals" that Petitioner and his
co-defendant were equally culpable for the acts of the other.  Id. at
4.  Additionally, the State asserted that the jury was clearly not

confused by the jury instructions because it convicted the two defendants of different crimes (as previously stated Petitioner of attempted voluntary manslaughter and the co-defendant of attempted second degree murder). Id. at 5-6. Finally, noting that the facts of the instant case were similar to the Garzon[7] case that was pending review before the Florida Supreme Court, the State requested that the appellate court hold the case in abeyance until the Florida Supreme Court issued its opinion. Id.

On September 12, 2008, the appellate court issued a decision finding, *inter alia*, no fundamental error in the jury instructions, thereby affirming Petitioner's conviction of attempted voluntary manslaughter. Exh. 9 at 2 (citing Garzon v. State, 939 So. 2d 1038 (Fla. 2008)). Petitioner's motion for rehearing was denied. Exhs. 10-11.

## C. Rule 3.850 Motion

Petitioner then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Exh. 13. Petitioner argued that defense counsel rendered deficient performance by failing to "contemporaneously and/or properly object" "to the trial court's irrefutably erroneous [jury] instruction." Id. at 1.

Pursuant to the postconviction court's order, Exh. 14, the State filed a response to the motion, Exh. 15, raising an argument that the

---

[7]Garzon v. State, 939 So. 2d 278 (Fla. 4th DCA 2006), aff'd, 939 So. 2d 1038 (Fla. 2008).

ineffective assistance of counsel claim was procedurally barred and also addressing the merits of the claim.[8]

The postconviction court entered an order denying Petitioner relief.   See Exh. 16.   Petitioner pursued an appeal of the postconviction court's order, Exh. 18, but the appellate court *per curiam* affirmed the postconviction court's order, Exh. 19. Petitioner's motion for rehearing was denied.  Exh. 21.

## D.  State Petition for Writ of Habeas Corpus

Petitioner, proceeding *pro se*, then filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.  Exh. 22.  Petitioner argued that appellate counsel rendered ineffective assistance by failing to raise on direct appeal trial court error for denying trial counsel's motion for a judgment of acquittal on count 1.   Id.   In response, the State argued the petition was untimely under Florida law.  Exh. 23.  The appellate court dismissed the state petition as untimely.  Exh. 24.

---

[8]The State's response to Petitioner's Rule 3.850 motion mistakenly concluded that the appellate court on direct appeal found that "counsel's actions did not rise to the level of fundamental error," and therefore also mistakenly argued that the claim of ineffective assistance was procedurally barred because it was previously raised and rejected by the appellate court.  Exh. 15 at 3.  This is a misstatement of the appellate court's order.  On direct appeal, the appellate court found that the trial court did not commit fundamental error.

### III.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007);  Penry v. Johnson, 532 U.S. 782, 792 (2001). Consequently, post-AEDPA law governs this action.  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007);  Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011).  "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt."  Id. (internal quotations and citations omitted).  See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be."); White v. Woodall, 134 S. Ct. 1697, 1702 (2014).

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision); White v. Woodall, 134 S.Ct. at 1702 (same). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal

principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that before the state court at the time it rendered its order. Id.

**B.  Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable

-10-

to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the

reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.  Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").  "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"  Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## III.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below,  concludes no evidentiary proceedings are required in this Court.  Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  Schriro, 550 U.S. at

474; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert.</u>
<u>denied</u>, 541 U.S. 1034 (2004).

## A. Ground One

Petitioner argues that the jury instructions pronounced orally by the trial judge, which included the "and/or" conjunction between his name and his co-defendant's name, resulted in a fundamental error and violated the Due Process Clause.  <u>See</u> Petition; <u>see</u> <u>also</u> Exh. 3 (transcript of jury instructions).  The relevant jury instructions as delivered by the trial judge were as follows:

> Members of the jury, I thank you for your attention during the trial.  And I would appreciate you paying attention to the instructions I am about to give you.
>
> In that regard, these instructions are long and somewhat complicated.  Please rest assure that they will go to the jury room with you so you can refer to them.  I only ask that you don't write on them when you get there.  Once they are read into the record, they become part of the record, and therefore we can't have our dublings [sic] on them.  You will receive paper and so forth to write any personal notes, things that you want.
>
> Robert Earl Davis and Grady Clifford Love, the defendants in this case, have been accused of the crimes of attempted first degree murder and shooting within a building.
>
> In this case, Robert Earl Davis and Grady Love are accused of attempted first degree murder, as I told you.
>
> And you are instructed that attempted murder in the first degree includes the lesser crimes of attempted murder in the second degree, attempted murder in the third degree, and attempted voluntary manslaughter, all of which are unlawful.
> . . . .
>
> I now instruct you on the circumstances that must be proved before a defendant or defendant may be found guilty of attempted murder or any lesser included crime.

As to the first offense, to prove the crime of attempted first degree premeditated murder, the State must prove the following three elements beyond a reasonable doubt:

Robert Earl Davis and/or Grady Clifford Love did some act intended to cause the death of Jarvis Marin that went beyond just thinking or talking about it.

Robert Earl Davis and/or Grady Clifford Davis- I am sorry- Grady Clifford Love acted with a premeditated design to kill Jarvis Martin.

Three, the act would have resulted in the death of Jarvis Martin, except that someone prevented Robert Earl Davis and Grady Clifford Love- and/or Grady Clifford Love from killing Jarvis Martin, or they failed to do so. . . . .

To prove the crime of shooting at, within or into a dwelling, the State must prove the following three elements beyond a reasonable doubt:

Robert Earl Davis and/or Grady Clifford Love shot a firearm, or hurled, or projected a stone or other hard substance that would produce death or great bodily harm.

He or they, or either of them, did so within or into a place of private dwelling occupied or unoccupied.

When I say "he, them, or either one of them," I am saying this only all through the instructions to indicate to you that there are two defendants, and you must consider each of these offenses as to each of these defendants.

The act was done wantonly or maliciously. . . . .

See Exh. 3.  The trial judge read the instructions pertaining to the

lesser crimes of attempted murder in the second degree, attempted

murder in the third degree, and attempted voluntary manslaughter.  Id.

With regard to the crime the jury convicted Petitioner of, the trial judge read the instruction as follows:

> To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt:
>
> > Robert Earl Davis and/or Grady Clifford Love, individually, collectively, or either one of them, committed an act which was intended to cause the death of Jarvis Martin, and would have resulted in the death of Jarvis Martin, except that someone prevented one or both of them from killing Jarvis Martin, or they failed to do so. . . . .

Id. The trial judge instructed the jury on the theory of principals:

> If the defendant helped another person or persons commit or attempt to commit a crime, that defendant is a principal and must be treated as if he had done all the things the other person or persons did if the defendant had a conscious intent that the criminal act be done.  And the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit a crime.
>
> To be a principal, the defendant does not have to be present when the crime is committed or attempted.
>
> Mere presence at the scene of the crime, even with knowledge that a crime is to be committed and flight from the scene of the crime is insufficient to establish guilt.  The State must provide that each defendant had the intent to participate in the attempted first degree murder or Jarvis Martin, and rendered assistance to the actual perpetrator of the crime. . . . .

Exh. 3.

The State court denied Petitioner relief finding the jury instruction did not constitute fundamental error:

> Love argues that the trial court committed fundamental error in instructing the jury as to attempted voluntary manslaughter, contending that the instruction as an improper "and/or" instruction.  The State responds that the trial

court did not err and that even if there was any error in the instruction, it does not rise to the level fo a fundamental error.  After fully reviewing the record, we agree that Love has not demonstrated fundamental error.  Thus we affirm the conviction for attempted voluntary manslaughter.  See <u>Garzon v. Smith</u>, 980 So. 2d 1038 (Fla. 2008). . . . .

Exh. 9 at 2.  The Court finds that under the deferential AEDPA standard, Petitioner's claim is without merit.[9]

In asserting fundamental error, Petitioner attempts to distinguish his case from <u>Garzon</u>,[10] arguing that his case was "[c]learly a case in which there was a dispute over the element on which the jury was incorrectly given." <u>Id.</u> at 7.  Petitioner asserts that the jury could have been misled by use of the "and/or" conjunction and convicted him based upon the acts of his co-defendant.  <u>Id.</u> at 8.  Petitioner also points to cases from various Florida appellate courts that found fundamental error in other trials involving the "and/or" conjunction between co-defendants' names, <u>id.</u> at 9, although these cases predate the Florida Supreme Court's opinion in <u>Garzon</u>.  In Response, Respondent addresses the Petition as if it only raises an ineffective assistance of counsel claim stemming from counsel's failure to object to the jury instruction.  <u>See</u> Response at 9.

---

[9]Trial counsel's failure to object to the trial judge's oral instructions does not amount to a procedural bar of the instant claim because the appellate court did not find Petitioner's claim barred and instead found he did not raise a fundamental error.  <u>See</u> <u>supra</u> at 6; Exh. 9.

[10]<u>Garzon v. State</u>, 939 So. 2d 278 (Fla. 4th DCA 2006), <u>aff'd</u>, 939 So.2d 1038 (Fla. 2008).

The Court finds that the state appellate court's decision was not based on an unreasonable determination of the facts. Petitioner and his co-defendant were indicted on first degree attempted murder and shooting into a dwelling or a building. Testimony from witnesses elicited at trial revealed that the incident stemmed from a bar fight, after which Petitioner and the co-defendant re-entered the bar, wielding firearms, and shooting (more witnesses identified the co-defendant as shooting and only one witness, a bouncer, identified Petitioner as a shooter). The jury found the co-defendant more culpable than Petitioner by returning a verdict of guilty of attempted second degree murder and Petitioner with attempted manslaughter.

Nor was the State court's decision contrary to or an unreasonable application of Supreme Court precedent. The state appellate court cited to only a Florida Supreme Court opinion in its order denying relief. This opinion is neither contrary to United States Supreme Court precedent, nor an unreasonable application of such precedent. As the United States Supreme Court has made clear, "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Middleton v. McNeil, 541 U.S. 433, 437 (2004). Rather, in order to warrant habeas relief, the petitioner faces the substantial burden of establishing that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977). It is not enough to show merely that the

-17-

instruction was "undesirable, erroneous, or even universally condemned." Id. Moreover, a challenged instruction should not be viewed in isolation, but in the context of the entire charge as well as the entire trial record. Cupp v. Naughten, 414 U.S. 141, 146-147; Parker, 331 F.3d 764, 779 (citing Estelle v. McGuire, 502 U.S. 62, 72 (1991); Agan v. Vaughn, 119 F.3d 1538, 1545 (11th Cir. 1997)). As the United States Supreme Court also noted, "[i]t is the rare case in which an improper jury instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." Kibbe, 431 U.S. at 154.

Here, the state appellate court denied Petitioner relief on the merits, citing Garzon and finding the oral jury instruction using the "and/or" conjunction in this case did not amount to fundamental error. Exh. 6 at 2. Under Florida law, the use of the and/or conjunction in a jury instruction does constitute an error, but it is not always a fundamental error. Fundamental error depends mainly on the context, including inter alia whether the "principal" jury instruction placed the substantive crime instructions in the proper context. See generally Garzon, 939 So. 2d at 279, 284. As in Garzon, Petitioner's jury instructions included the "principals" instruction. See Exh. 3. Although Petitioner tries to re-phrase his argument as a jury instruction involving the "wrong elements," his claim does not actually involve the wrong elements but pertains only to use of the "and/or" conjunction between the defendants' names. Petitioner cannot

successfully argue that the jury was confused by the and/or conjunction and convicted him based on his co-defendant's actions since the jury found the two defendants guilty of different crimes and found his co-defendant more culpable.  <u>Garzon</u> is not contrary to or an unreasonable application of United States Supreme Court precedent.  <u>Middleton v. McNeil</u>, 541 U.S. 433, 437 (2004); <u>Henderson v. Kibbe</u>, 431 U.S. 145, 154 (1977); <u>Cupp v. Naughten</u>, 414 U.S. 141, 146-147; <u>see</u> <u>also</u> <u>Lloyd v. McNeil</u>, Case No. 08-21660-CIV, 2009 WL 2424576 (S.D. Fla. Aug. 5, 2009).  Thus, Petitioner is denied relief on Ground One.

## B.  Ground Two-Ineffective Assistance of Counsel for Failing to Object to Jury Instructions

In Petitioner's Reply he argues that trial counsel "compounded" the trial court's error by failing to object.  Reply at 2.  In Response, Respondent argues *inter alia* that Petitioner "fails to show there was any reasonable probability of a different outcome had his counsel objected to the subject instruction on state or constitutional grounds."  Response at 14.

As set forth above, Petitioner exhausted his ineffective assistance of counsel claim to the extent he raised this argument in his Rule 3.850 motion.  In denying Petitioner relief on this ground, the postconviction court found in pertinent part:

> Defendant alleges that counsel was ineffective for failing to object to the erroneous jury instruction given by the trial court when it used the conjunction "and/or" between the names of the co-defendants and by saying that the first element of attempted voluntary manslaughter could be found or satisfied if the jury determined that "either

one of" the defendants committed the act with the intent to cause death.

The benchmark for judging claims of ineffective assistance of counsel is whether counsel's performance undermined the proper functioning of the adversarial process, thereby producing a result which cannot be relied on, that is, but for the prejudicial performance the outcome would be different. Strickland v. Washington, 466 U.S. 668 (1984); Williamson v. Dugger, 651 So. 2d 84 (Fla. 1994); Cabrera v. State, 776 So. 2d 1131 (Fla. 2d DCA 2000).  An attorney's performance must be reasonable under prevailing professional norms, when considering all of the circumstances viewed from the attorney's perspective at the time of trial.  Cabrera, at 1133. There is a strong presumption of reasonableness which the defendant must overcome. Id.

Prior to the Florida Supreme Court's decision in Garzon v. State, 980 So. 2d 1038 (Fla. 2008), if the trial court had given an improper jury instruction by using an improper conjunction it would have constituted fundamental error, which could have bene raised on direct appeal without a contemporaneous objection.  See Concepcion v. State, 857 So. 2d 299, 300 (Fla. 5th DCA 2003). In fact, Defendant did raise this issue on direct appeal as a fundamental error.  However, the appellate court found that "[a]fter fulling [sic] reviewing the record, we agree that Love has not demonstrated fundamental error."

Because Defendant could not show that the jury instruction constituted fundamental error on direct appeal, he likewise cannot show that trial counsel's failure to object to the erroneous jury instruction resulted in prejudice sufficient to undermine the outcome of the case under the prejudice prong of Strickland.  Chandler v. State, 848 So. 2d 1031, 1046 (Fla. 2003)

Exh. 17.   The appellate court *per curiam* affirmed the postconviction court's order.  Exh. 19.

Petitioner has not shown that the State courts' decisions were contrary to or an unreasonable application of <u>Strickland</u>. Nor has Petitioner shown that the State courts' decisions involved an unreasonable interpretation of the facts based upon the evidence presented.  As the record shows, Petitioner did not suffer any prejudice as a result of counsel's failure to object to the jury instruction.  Despite not preserving the issue for appeal, Petitioner was still permitted to raise the issue on direct appeal and the appellate court denied the claim on the merits pursuant to Florida law. Further, Petitioner cannot show that the outcome of his case would have been any different had counsel objected to the jury instruction because, as set forth above, the jury convicted him of attempted voluntary manslaughter (as opposed to his co-defendant who the jury convicted of attempted second degree murder).  <u>See</u> <u>also</u> <u>Sheffield v. Sec'y Dep't of Corr.</u>, Case No. 8:07-cv-1413-T-17TGW, 2009 WL 1657393 (M.D. Fla. June 11, 2009)(denying ineffective assistance of appellate counsel claim involving use of "and/or" conjunction in a jury instruction where "independent act" instruction was also given); <u>Myrtil v. Tucker</u>, Case No. 11-21366-Civ-Seitz, 2012 WL 1021832 (S.D. Fla. Jan. 20, 2012)(denying ineffective assistance of trial counsel claim involving "and/or" jury instruction).  Accordingly, Petitioner is denied relief on Ground Two.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Petition for Writ of Habeas Corpus is **DENIED**.

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   22nd   day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr; Copies: All Parties of Record